IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| EDWARD HILL | § | |
| VS. | § | CIVIL ACTION NO. 9:19-CV-150 |
| EDERYA HALL, *et al*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Edward Hill, an inmate currently confined at the Ellis Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Ederya Hall, Racheal Richards, Gary Curry.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff's Motion for Default Judgment

Currently pending is Plaintiff's Request for Entry of Default Judgment against Defendant Ederya Hall (doc. # 79). Plaintiff argues Defendant Hall was properly served but failed to make an appearance. This assertion is in error.

On March 11, 2022, the undersigned entered an Order requiring the United States Marshal to serve process upon Defendant Hall (doc. # 48). On March 23, 2022, the summons was returned by the Marshal's Office as executed on March 19, 2022 (doc. # 51). However, on April 15, 2022, the Marshal's Office filed another return indicating the summons was unexecuted (doc. # 52). The

certified mail return receipt green card was not signed and had the notation "COVID-19" (doc. # 51). The Marshal's Office noted further, that on April 4, 2022, they received the envelope back in the mail with a notation "return to sender" (doc. # 52). The status was changed to unexecuted and undeliverable. *Id.*

On June 28, 2022, the undersigned entered another Order requiring the United States Marshal to serve process upon Defendant Ederya Hall personally (doc. # 66). The summons was ultimately returned unexecuted on September 12, 2022, with the notation that Defendant Hall was no longer located at the address provided (doc. # 77).

Plaintiff believes that since the first summons was returned executed, that Defendant Hall has been properly served. Plaintiff is in error. The notation "COVID-19" does not reflect an actual signature. Furthermore, the envelope was returned by the Post Office as undeliverable. The United States Marshal, in fact, changed their records to reflect that service was unexecuted.

## Analysis

Federal Rule of Civil Procedure 55 authorizes the entry of default against a party whom a judgment for affirmative relief is sought when such party fails to plead, or otherwise respond, to the action.

A default judgment is a discretionary remedy. *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). "When an application is made to the court . . . for the entry of a judgment by default, [the court] is required to exercise [its] 'sound judicial discretion' in determining whether the judgment should be entered. WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2685. In making its determination, the court is free to consider any number of factors that may appear from the record. The entry of judgment by default is a drastic remedy and should be resorted to only in extreme situations. *E.F. Hutton & Co. v. Moffat*, 460 F.2d

284, 285 (5th Cir. 1972); *see also Effjohn*, 346 F.3d at 563 (emphasizing that defaults are not favored and any doubts should be resolved in favor of the defendant). It is only appropriate where there has been a clear record of delay or contumacious conduct. *Moffat*, 460 F.2d at 285.

The record does not reflect that proper service has been made as to Defendant Ederya Hall. There is simply no basis on the record to justify entry of a default judgment.

## Recommendation

Plaintiff's Request for Entry of Default Judgment (doc. # 79) should be denied.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 11th day of October, 2022.

_____
Zack Hawthorn
United States Magistrate Judge