IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| EDWARD HILL | § | |
| VS. | § | CIVIL ACTION NO. 9:19-CV-150 |
| EDERYA HALL, *et al.*, | § | |

### MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Edward Hill, an inmate currently confined at the Ellis Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Ederya Hall.[1]

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Lufkin, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends denying Plaintiff's Motion for Entry of Default Judgment against Defendant Ederya Hall (doc. # 81).

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Plaintiff filed a Motion to Substitute Service (doc. # 87) and Objections to the Report and Recommendation of United States Magistrate Judge (doc. # 89). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After a careful review, the Court finds plaintiff's Objections lacking in merit. As outlined in the Report and Recommendation of the magistrate judge, there is no basis to support the entry of a default judgment. Both attempts at service by the United States Marshal were returned unexecuted (doc. # 52 & 77). Service by certified mail return receipt was unsuccessful as it was "returned to sender" with no forwarding address (doc. # 52). Personal service was unsuccessful with the notation

---

[1] Plaintiff also sued Defendants Gary Curry and Racheal Richards. Defendant Richards has a Motion for Summary Judgment pending (doc. # 68). Plaintiff recently filed a Motion for Entry of Default against Defendant Curry (doc. # 90). These motions will be addressed by separate Reports and Recommendations.

by the Marshal that "no resident at this location with name Ederya Hall" and "wrong address" doc. # 77).[2] Plaintiff's objections are overruled.

To the extent Plaintiff now requests an alternative form of service pursuant to Federal Rule of Civil Procedure 4(e), the court finds no basis to support this request. The record does not support Plaintiff's claims of contumacious conduct by Defendant Ederya Hall. Furthermore, the magistrate judge has given Plaintiff more than ample time and opportunity to locate a new address for Defendant Ederya Hall, yet Plaintiff has declined to do so (doc. #s 56, 60 & 80). Plaintiff was admonished that his claims against Defendant Ederya Hall were subject to dismissal pursuant to Federal Rule of Civil Procedure 4(m) if service is not effectuated. *Id.* Per the orders of the magistrate judge, the United States Marshal has attempted service upon Defendant Ederya Hall by certified mail return receipt and personally at the last known address provided by the Attorney General under seal. As previously stated, those attempts were unsuccessful and Plaintiff has failed to provide an alternate address. This court declines Plaintiff's request to scour Defendant Ederya Hall's social media in search of a proper address.

As Plaintiff has failed to show good cause for failure to effectuate proper service on Defendant Ederya Hall within 90 days of filing the complaint, Plaintiff's claims against Defendant Ederya Hall should be dismissed without prejudice. FED. R. CIV. P. 4(m).[3]

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **PARTIALLY**

---

[2] The entry by the Clerk of Court stating "Deft Hall is no longer at the provided address" was in error and is not reflected on the summons.

[3] The record, in fact, establishes the magistrate judge gave Plaintiff more than 90 days to effectuate service. Plaintiff has had since May 16, 2022, to provide an alternative address for service of process (doc. # 56).

**ADOPTED** to the extent it recommends dismissal.

**SIGNED** this the 5 day of **December, 2022.**

_____
Thad Heartfield
United States District Judge