IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| EDWARD HILL | § | |
| VS. | § | CIVIL ACTION NO. 9:19-CV-150 |
| EDERYA HALL, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Edward Hill, an inmate currently confined at the Ellis Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Ederya Hall, Gary Curry, and Racheal Richards.[1]

The above-styled action was referred to the Honorable Zack Hawthorn, United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual & Procedural Background

Plaintiff filed the Original Complaint on August 27, 2019, concerning events at the Eastham Unit (docket entry no. 1). On October 15, 2019, the undersigned entered an Order to Replead asking plaintiff to respond to specific questions (docket entry no. 11). Plaintiff filed a Motion for Leave to File Amended Complaint and Proposed Amended Complaint on November 5, 2019 (docket entry nos. 13-15).

On January 31, 2020, Plaintiff filed another Amended Complaint and Memorandum in Support (docket entry nos. 18-19). Plaintiff sues Defendants Hall and Richards in both their

---

[1] Plaintiff's claims against Defenadnt Ederya Hall were dismissed on December 5, 2022, for failure to serve pursuant to Federal Rule of Civil Procedure 4(m) (doc. # 91). As to Defendant Curry, Plaintiff moved for motion for entry of default on November 21, 2022 (doc. # 90).

individual and official capacities, while suing Defendant Curry in his official capacity only.

Plaintiff alleges that on January 2, 2018, he filed Grievance # 2018064812 against Defendant Hall. On January 15, 2018, Plaintiff states Defendant Hall wrote two disciplinary cases against him for sexual misconduct and creating a disturbance. According to Plaintiff, Defendant Hall alleged Plaintiff was masturbating in front of her which caused her to not complete her count. Plaintiff contends Defendant Hall contacted Defendant Richards and told Defendant Richards Plaintiff was masturbating in front of her creating a disturbance. Plaintiff then filed Grievance # 2018073584 on January 16, 2018, also against Defendant Hall. Plaintiff states he was found guilty of sexual misconduct the next day while the charge of creating a disturbance was dismissed. On January 26, 2018, Plaintiff contends he was downgraded from G2 custody level to G5 custody level due to the results of the sexual misconduct disciplinary conviction.

Plaintiff next alleges Defendant Richards along with Officer Bridges arrived at Plaintiff's cell and directed Plaintiff to step out and go to the day room. Plaintiff contends he did not create a disturbance nor resist but, instead, followed the direct orders given by Defendant Richards. Plaintiff states Defendant Richards and Officer Bridges then proceeded to conduct an unjustified penological cell search of Plaintiff's cell. Plaintiff alleges Defendant Richards destroyed Plaintiff's personal property in retaliation for Defendant Hall. Plaintiff states that Defendant Hall and Richards have repeatedly engaged in retaliation against prisoners.

As to defendant Curry, Plaintiff states he was the disciplinary hearing officer who failed to produce the documentary evidence or witnesses Plaintiff requested for the hearing. In the DHO report, Plaintiff states Defendant Curry noted, "sufficient time give [sic] witnesses" and "no response to the documentary evidence request." Defendant Curry relied on Defendant Hall's statement which Plaintiff alleges was filled with misleading facts and "outright lies." Plaintiff concedes he has contested the disciplinary conviction which has yet to be overturned. *See* Civil Action No. 9:18-CV-203.

For relief, Plaintiff requests the court issue an injunction ordering the Director of TDCJ and/or the Warden of the Eastham Unit to overturn and expunge the disciplinary conviction from Plaintiff's institutional record and award compensatory and punitive damages.

On April 14, 2021, the undersigned entered a Report and Recommendation, recommending Plaintiff's official capacity claims and due process claims be dismissed as frivolous and for failure to state a claim (doc. # 28). Plaintiff filed objections, arguing he met the *ex parte Young* exception as to Defendant Curry in his official capacity, requesting an injunction ordering his disciplinary conviction be expunged. In addition, Plaintiff confirmed he did not lose good conduct time as a result of the disciplinary conviction. In light of the Objections, the undersigned withdrew the Report and Recommendation and ordered the Defendants to answer or otherwise plead (doc. # 37). Defendant Richards filed a Motion for Summary Judgment on July 5, 2022 (doc. # 68). Plaintiff filed a Response on August 24, 2022 (doc. # 74). On November 21, 2022, Plaintiff moved for entry of default judgment against Defendant Curry (doc. # 90). This Report and Recommendation considers Plaintiff's claims against Defendants Richards and Curry.

## Standards of Review

*Federal Rule of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must "nudge[ ] their claims across the line from conceivable to plausible" by pleading "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a Rule 12(b)(6) motion, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the Court does not "strain to find inferences favorable to plaintiff" or "accept conclusory allegations, unwarranted deductions, or legal

3

conclusions." *Southland Sec. Corp. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 351 (5th Cir. 2004) (internal quotation marks and citations omitted).

Generally, courts should give plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case under Rule 12(b)(6). *See Great Plains Trust Co. v. Morgan Stanely Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The court may deny leave to amend, however, if the defects are incurable or the plaintiffs have already alleged their best case. *See id.; Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998).

*Motion for Summary Judgment*

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (citation

omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. *Celotex*, 477 U.S. at 322-23; *ContiCommodity Servs., Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted). Furthermore, there must be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," unsubstantiated assertions, or the presence of a "scintilla of evidence" is not enough to create a real controversy regarding material facts. *See, e.g. Lujan v. National Wildlife Federation*, 497 U.S. 871, 902; *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1086 (5th Cir. 1994). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## Discussion & Analysis

A. *Official Capacity Claims*

In his response to Defendant Richards' Motion for Summary Judgment, Plaintiff concedes that the Eleventh Amendment bars Plaintiff's claims for monetary damages against Defendant Richards in her official capacity. Summary Judgment as to Plaintiff's official capacity claims against Defendant Richards should be granted.

Plaintiff also asserts claims against Defendant Curry in his official capacity as outlined above. The record reflects that on August 3, 2022, the summons issued for Defendant Curry was returned executed (doc. # 71). Service was attempted at the last known address provided by the Office of the Attorney General under seal, as Defendant Curry is no longer employed with TDCJ (doc. # 43). As Defendant Curry has failed to answer or otherwise appear, Plaintiff moved for default judgment on November 21, 2022 (doc. # 90). The undersigned notes, however, that a "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).

Here, Plaintiff asserts claims for prospective, injunctive relief against Defendant Curry under the *Ex parte Young* doctrine, 209 U.S. 123 (1908), requesting that his disciplinary conviction be overturned and expunged. The record firmly establishes that Defendant Curry no longer works for TDCJ. Any authority Defendant Curry has is limited to his authority and responsibilities as a former TDCJ official. Thus, he lacks the authority to overturn and expunge Plaintiff's disciplinary conviction. *Volk v. Gonzales*, 207 F.3d 657 (2000). And while Plaintiff also requests that either TDCJ or the warden at the unit overturn and expunge his disciplinary conviction, neither has been sued. Plaintiff's claim against Defendant Curry in his official capacity for prospective injunctive relief should be dismissed for lack of redressability and for failure to state a claim. Plaintiff's request for default judgment against Defendant Curry should also be denied. *Lewis*, 236 F.3d at 767 (finding the district court did not err in refusing to enter a default judgment in favor of Lewis, when the factual allegations, even if found true, could not impose liability against the defendants).

B. *Cell Search & Destruction of Personal Property*

Defendant Richards asserts her entitlement to qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Federal courts use a two-part test to determine whether the defendants are entitled to qualified immunity. *Freeman v. Texas Dep't of Criminal Justice*, 369 F.3d 854, 863 (5th Cir. 2004). First, the Court must determine whether plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736; *Freeman*, 369 F.3d at 863. Then, if a constitutional right was violated, the Court must decide whether the right was clearly established at the time of the violation. *Freeman*, 369 F.3d at 863. "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that

in the light of pre-existing law the unlawfulness must be apparent.'" *Hope*, 536 U.S. at 739 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The District Court has discretion to decide which prong of the two-part test to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

First, as to any claim that Defendant Richards conducted an unauthorized search of Plaintiff's cell in violation of the Fourth Amendment, any such claim lacks merit. It is well established that prisoners do not have an expectation of privacy enabling them to invoke the protections of the Fourth Amendment with respect to searches in their cells. *Hudson* v. Palmer, 468 U.S. 517, 530 (1984).

As to Plaintiff's claim regarding the destruction of his personal property in his cell, a state actor's negligent or intentional deprivation of a plaintiff's property does not result in a violation of procedural due process rights if there exists an adequate state post-deprivation remedy. *Hudson,* 468 U.S. at 533 (unauthorized intentional conduct); *Parratt v. Taylor*, 451 U.S. 527, 535-55 (1981) (negligent conduct); *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). The Texas court system provides an adequate post-deprivation remedy for the taking of any property. *See Holloway v. Walker*, 784 F.2d 1287, 1292 (5th Cir 1986). Moreover, the Texas state administrative and judicial systems provide an adequate state post-deprivation remedy for property taken from prisoners. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983), *cert. denied*, 464 U.S. 897 (1983). Because Texas has adequate post-deprivation remedies, a prisoner does not have a basis for a § 1983 claim for the confiscation of his property. *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). In *Murphy*, the Fifth Circuit affirmed the dismissal of the property claim as frivolous, along with the imposition of sanctions for filing a frivolous lawsuit. *Id*. at 544.

The Court notes, however, that the *Parratt/Hudson* doctrine does not bar all property claims filed by inmates. In 1990, the Supreme Court summarized the *Parratt/Hudson* doctrine as follows: "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate post-deprivation remedy." *Zinermon v. Burch*, 494 U.S. 113, 115

7

(1990). The confiscation of a prisoner's property under authority of a prison administrative directive is not a random, unauthorized act for purposes of the *Parratt/Hudson* doctrine, thus the existence of an adequate state post-deprivation remedy does not preclude a § 1983 claim for violation of due process. *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004). Here, Plaintiff alleges Defendant Richards engaged in a random and unauthorized act when she allegedly searched his cell and destroyed his property in retaliation. The common law tort of conversion is widely accepted as a post-deprivation remedy, in addition to TDCJ's grievance process, and Plaintiff's Fourteenth Amendment claim should be denied.

To the extent Plaintiff asserts a substantive due process violation, this claim fails. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989). The Fourteenth Amendment here provides that protection as recognized in *Parratt* and *Hudson*.

Finally, to the extent Plaintiff asserts an Eighth Amendment violation with respect to his claim that Defendant Richardson unlawfully searched his cell and destroyed his property, any such claim similarly fails. In order to state an Eighth Amendment violation, Plaintiff must allege conditions of confinement so serious as to deprive him of the minimal measure of life's necessities. *Wilson v. Lynaugh*, 878 F.2d 846, 848 (5th Cir.), *cert. denied* 493 U.S. 969 (1989). Plaintiff has made no such allegation and any attempt to do so would be futile. The random and unauthorized destruction of Plaintiff's personal property during one incident simply cannot, on its face, be enough to deprive one of the minimal measure of life's necessities.

C. Retaliation

Plaintiff alleges Defendant Richardson retaliated against him through the "unjustified cell search" and destruction of his personal property when he filed a grievance against Defendant Hall. "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2)

8

the defendant's intent to retaliate against a prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cr. 1998). The prisoner is required to show that, but for the retaliatory motive, the retaliatory act would not have occurred. *Id*. A plaintiff must support a claim of retaliation with either direct evidence of a claim of retaliation, or a chronology of events from which retaliation can be inferred. *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995).

In the present case, Plaintiff first relies solely on his personal belief that Defendant Richards retaliated against him for filing a grievance against Defendant Hall. Second, Plaintiff makes no attempt to establish causation. Plaintiff's allegations lack facts that establish that but for the filing of his grievance against Defendant Hall, the cell search and confiscation would not have occurred. Plaintiff's allegation of retaliation lacks sufficient detail to establish why the cell search occurred, when it occurred, what was taken, why Plaintiff believes the cell search was unjustified, and why his property was wrongfully confiscated. Plaintiff has failed to create a genuine dispute of material fact as to retaliation and this claim should be denied.

As Plaintiff has failed to establish a constitutional violation with respect to any of his claims, Defendant Richards is entitled to qualified immunity and her motion for summary judgment should be granted.

## Recommendation

Plaintiff's claims against Defendant Curry should be dismissed for failure to state a claim and as frivolous. Plaintiff's Motion for Entry of Default Judgment as to Defendant Curry should be denied. Defendant Richards' Motion for Summary Judgment should be granted.

## Objections

Within fourteen (14) days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 12th day of December, 2022.

_____
Zack Hawthorn
United States Magistrate Judge