| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

EDWARD HILL, §
§
    Plaintiff, §
§
versus §   CIVIL ACTION NO. 9:19-CV-150
§
§
EDERYA HALL, *et al.*, §
§
    Defendants. §

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Edward Hill, an inmate currently confined at the Ellis Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Ederya Hall, Gary Curry, and Racheal Richards.[1]

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Lufkin, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends denying Plaintiff's claims for prospective, injunctive relief against Defendant Curry as lacking in merit, denying Plaintiff's Motion for Entry of Default against Defendant Curry as Plaintiff's claims against him lack merit,[2] and granting Defendant Richards' Motion for Summary Judgment (#92).

---

[1] Plaintiff's claims against Defendant Ederya Hall were dismissed on December 5, 2022, for failure to serve pursuant to Federal Rule of Civil Procedure 4(m) (#91). As to Defendant Curry, Plaintiff moved for entry of default on November 21, 2022 (#90).

[2] On August 3, 2022, the summons issued for Defendant Curry was returned executed (#71).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on January 24, 2023 (#102). This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

The magistrate judge construed Plaintiff's claims against Defendant Curry as claims in his official capacity only. Plaintiff now states that he made a mistake and his intent was to plead both official and individual capacity claims against Defendant Curry. Giving Plaintiff the most liberal construction to his pleadings and objections, and construing his claims against Defendant Curry as both in his official and individual capacity, they still lack merit. As to Plaintiff's official capacity claims for prospective, injunctive relief under the *ex parte Young* doctrine, 209 U.S. 123 (1908), the magistrate judge was correct in determining that Defendant Curry is no longer employed with TDCJ and thus lacks the authority to overturn and expunge Plaintiff's disciplinary conviction.[3] *Volk v. Gonzales*, 207 F.3d 657 (2000). While Plaintiff now argues the current disciplinary hearing officer at the Ellis Unit should automatically be substituted in for Defendant Curry, Plaintiff does not identify who that person is, nor has Plaintiff ever moved for substitution. Regardless, Plaintiff's substantive claims against Defendant Curry in his individual capacity lack merit. Plaintiff did not lose good conduct time as a result of his disciplinary conviction. As a result, the punishment did not

---

[3] Plaintiff did not lose good conduct time, and does not seek to be released from confinement or an order that the duration of his prison sentenced be shortened. Because a favorable determination of Plaintiff's claims would not automatically entitle him to accelerated release, this § 1983 action is the appropriate vehicle for his claims relating to this disciplinary conviction. *Payne v. Dretke*, 80 F. App'x 314, 315 (5th Cir. 2003) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997)).

implicate a liberty interest and Plaintiff was not entitled to due process of law in connection with the disciplinary proceeding. *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007) "[A]s a general rule, only sanctions that result in the loss of previously earned good conduct time credits will implicate a liberty interest."). Additionally, in the Fifth Circuit, there is no freestanding malicious prosecution claim under § 1983. *Castellono v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Moreover, as Plaintiff's claims against Defendant Curry in both his official and individual capacities lack merit, Plaintiff's motion for entry of default judgment should also be denied. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (finding the district court did not err in refusing to enter a default judgment in favor of Lewis, when the factual allegations, even if found true, could not impose liability against the defendants).

With respect to Defendant Richards, Plaintiff has still failed to overcome her entitlement to qualified immunity.[4] Plaintiff merely reasserts the same arguments and fails to create a genuine dispute of material fact as to his claims of deprivation of property and retaliation. Specifically, as to Plaintiff's claim of a denial of procedural due process in the destruction of his personal property, it is well-established the *Parratt/Hudson* doctrine bars this claim as Texas provides an adequate post-deprivation remedy in the form of the tort of conversion. *See Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *Parratt v. Taylor*, 451 U.S. 527, 535-55 (1981). While Plaintiff continues to assert a substantive due process violation with respect to the cell search, the magistrate judge explained that any such claim fails, citing *Albright v. Oliver*, 510 U.S. 266 (1994) and *Graham v. Connor*, 490 U.S. 386 (1989). "*Graham* simply requires that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under

---

[4] Plaintiff only asserts claims against Defendant Richards in her individual capacity.

the standard appropriate to that specific provision and not under the rubric of substantive due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998). The magistrate judge properly found that prisoners do not have an expectation of privacy enabling them to invoke the protections of the Fourth Amendment, *Hudson*, 468 U.S. at 530,[5] and that the random and unauthorized destruction of Plaintiff's personal property during one incident "simply cannot, on its face, be enough to deprive one of the minimal measure of life's necessities" under the Eighth Amendment. Plaintiff's claim of retaliation fares no better. In his objections, Plaintiff concedes he is relying on his personal belief that Defendant Richards retaliated against him for filing a grievance against Defendant Hall. Furthermore, Plaintiff fails to create a genuine dispute of material fact as to causation. Namely, Plaintiff fails to allege, let alone show, that but for the filing of his grievance against Defendant Hall, the cell search and confiscation would not have occurred. *McClure v. Turner*, 481 F. App'x 167, 172 (5th Cir. 2012) ("Aside from one incident preceding the other, we find no support for McClure's retaliation allegation. The two-point chronology does not emit a plausible inference of retaliation.").[6]

---

[5] Plaintiff continues to assert a substantive due process violation under the Fifth Amendment with respect to the cell search. Plaintiff, however, cites no authority how the Fifth Amendment applies in this context. The court presumes Plaintiff intended to reference the Fourth Amendment.

[6] McClure alleged that Turner searched his cell and stole his property in retaliation for his writing a grievance against Lyons and getting Lyons demoted more than two weeks earlier. *Id*.

**ORDER**

Accordingly, the objections of the plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

SIGNED at Beaumont, Texas, this 15th day of March, 2023.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE